UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STAR CONSTRUCTION & RESTORATION, LLC,

        Plaintiff,                            Case No. 16-cv-12413

v.                                         Honorable Thomas L. Ludington

GRATIOT CENTER LLC, and MOUNTAIN
ASSET MANAGEMENT GROUP, LLC,

        Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Star Construction and Restoration, LLC, ("Star") filed a Complaint on June 27, 2016, against Defendants Mountain Real Estate Capitol, LLC, ("MREC") and Gratiot Center LLC ("Gratiot"). ECF No. 1. The Complaint alleged that Star entered into a contract with Defendants to restore a Kmart store located in Saginaw, Michigan, and further alleged that Star had not been paid in full for its work. Although the Complaint named MREC as a Defendant, the Complaint alleged that MREC was also known as Mountain Asset Management. Gratiot filed an answer and affirmatives defenses on August 26, 2016. ECF Nos. 10, 11. On the same day, MREC filed a motion to dismiss, ECF No. 12, which argued among other things that MREC was not a party to any agreements made between Star and Gratiot. On September 16, 2016, Star filed an Amended Complaint, ECF No. 14, which named Gratiot and Mountain Asset Management Group, LLC, ("MAMG") as Defendants, but which did not name MREC as a Defendant. On September 20, 2016, the parties stipulated to the dismissal of MREC without prejudice. ECF No. 16.

Now, MAMG has filed a motion to dismiss, ECF No. 23, which alleges broadly that Star's claims should be dismissed because MAMG is not a party to any agreements that may have existed with Star regarding the Kmart restoration project. For the reasons stated below, MAMG's motion to dismiss will be denied.

## I.

As discussed in Section III, MAMG's motion will be construed as a motion to dismiss, not a motion for summary judgment. Accordingly, all well-pleaded facts in the Amended Complaint will be assumed to be true. To the extent certain documents are referred to in Star's Amended Complaint and are central to the claims in this case, they will also be considered as supplementary to the pleadings.

Star's Amended Complaint names MAMG as Defendant, and identifies Mountain Funding, LLC, as a subsidiary member of MAMG and MREC as a subsidiary member of Mountain Funding. Am. Compl. at ¶2, ECF No. 14. Rather than directly identifying or attaching the alleged contracts, Star simply asserts that "Star and Mountain entered into one or more agreements" and that the "agreements were verbal and/or in writing" and "in the possession of Mountain." *Id.* at ¶¶8–9. The Amended Complaint alleges that Star was hired by MAMG to perform restoration and repair work on a Kmart store located in Saginaw, Michigan. *Id.* at ¶7. Star alleges that it periodically sent work proposals to J. Brett Anderson, who was an agent of MAMG. *Id.* at ¶10. According to the Amended Complaint, Star performed the work agreed on and received partial payment. *Id.* at ¶11. Although MAMG allegedly assured Star that it would pay for all necessary repairs, Star asserts that it is still owed $636,139.27, excluding interest. The

Amended Complaint brings breach of contract, unjust enrichment,[1] account stated, promissory estoppel, and fraud/misrepresentation claims.

Star attached two exhibits to the Amended Complaint. The first is a "recap of final billing" (Exhibit C in the original Complaint) which is addressed to J. Brett Anderson in his capacity as MAMG's Senior Director of Commercial Real Estate and which listed the remaining amount due as of March 8, 2016. Final Billing Recap, ECF No. 1, Ex. A. Exhibit B is an affidavit by James F. Pickens, President of Star Construction, confirming that MAMG still owes Star $636,139.27. Pickens Aff., ECF No. 1, Ex. B.

## II.

A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79 (quotations and citation omitted).

---

[1] This claim is brought against Defendant Gratiot only. *Id.* at ¶28.

Federal Rule of Civil Procedure 9(b) provides a heightened pleading standard for claims of fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id*. As explained by the Sixth Circuit in *Frank v. Dana Corp*. 547 F.3d 564 (6th Cir. 2008), claims of fraud must meet the following requirements: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Id*. at 569 (citation omitted). At a minimum, a claimant must allege "the time, place and contents" of the alleged fraud. *Id*.

### III.

### A.

The threshold question presented by the briefing is whether and to what extent the various exhibits attached to the parties' briefs can be considered. A court faced with a Rule 12(b)(6) motion must typically limit its consideration to the pleadings or convert it to a motion for summary judgment under Federal Rule of Civil Procedure 12(d*). Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 487 (6th Cir. 2009). Conversion to a motion for summary judgment, however, "'should be exercised with great caution and attention to the parties' procedural rights.'" *Id.* (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366). A court has discretion regarding whether to convert a motion to dismiss to a motion for summary judgment. *Jones v. City of Cincinnati*, 521 F.3d 555, 561–62 (6th Cir. 2008). Because of the risk of "prejudicial surprise," the court must typically provide the other party with notice and "an opportunity to supplement the record" before the court converts a

motion to dismiss and enters summary judgment. *Armengau v. Cline*, 7 F. App'x 336, 343 (6th Cir. 2001).

However, a court may sometimes consider extrinsic evidence without converting the motion to one for summary judgment. The Sixth Circuit has held that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). Additionally, Federal Rule of Civil Procedure 10(c) provides, in part, that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Of course, a plaintiff is not required to attach to the complaint the documents upon which the action is based. *Weiner*, 108 F.3d at 89 (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327, at 762 (2d ed. 1990)). And although exhibits to filings may not typically be considered when addressing motions to dismiss, a defendant may introduce, and a court may consider "certain pertinent documents if the plaintiff fails to do so." *Weiner*, 108 F.3d at 89. "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Id. See also Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("We now hold that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

In the motion to dismiss, MAMG argues that the Amended Complaint fails to state a claim against MAMG because Star has not made sufficient allegations of fact that MAMG was a signatory to a written contract. In support, MAMG argues that Star has not identified or attached any written agreements signed by both parties and instead alleges that all written agreements are

in MAMG's possession. MAMG has attached several exhibits to its motion to dismiss. As Exhibit A, MAMG attaches Star's Amended Complaint, including its exhibits. ECF No. 23, Ex. A. As Exhibit B, MAMG attaches the original Complaint and its exhibits. ECF No. 23, Ex. B.[2] Exhibit C provides a visual representation of the ownership and legal structure of both MAMG and Gratiot. ECF No. 23, Ex. C. In its response to the motion to dismiss, Star attaches numerous emails, proposals, and invoices between MAMG employees and Star. *See* ECF No. 25, Exs. A–L.

In its response, Star argues that because MAMG attached the original Complaint and its accompanying exhibits to the motion to dismiss, the motion should be converted into a motion for summary judgment. That makes little sense. As already explained, a court need not convert a motion to dismiss if it reviews only pleadings on its docket. Although the filing of an amended complaint typically operates as a withdrawal of previous pleadings, the fact that MAMG referenced outdated pleadings and exhibits is not an adequate reason to convert the motion to one for summary judgment. The Court has discretion regarding whether the convert the motion and chooses not to do so. *Tackett*, 561 F.3d at 487. Accordingly, only the pleadings and incorporated documents will be considered in resolving the motion to dismiss. The Amended Complaint does not clearly incorporate the original Complaint or the original Complaint's exhibits. For that reason, the original Complaint and exhibits will not be considered. *See Levitch v. Columbia Broad. Sys., Inc.*, 94 F.R.D. 292, 294 (S.D.N.Y. 1982) (refusing to construe a previous complaint as incorporated in the amended complaint because any references to the prior complaint were extremely vague). Likewise, none of the emails, proposals, or invoices that Star attaches to its response will be considered.

---

[2] MAMG asserts in the motion to dismiss that the proposal which Star included as Exhibit A in the original Complaint was signed by Mr. Peterson only on behalf of Gratiot. Star does not appear to contest that representation, but is alleging that additional documentation of agreements between MAMG and Star exists.

B.

MAMG now argues that Star has not adequately alleged that MAMG is a party to any agreement with Star regarding the Kmart restoration and that Star has not adequately alleged an accounted stated claim.[3] Although the allegations in Star's Amended Complaint are sparse, Star has alleged sufficient facts to state a claim for relief.

In diversity cases like this one, federal courts "must apply the substantive law of the state in which the court sits." *Mill's Pride, Inc. v. Cont'l Ins. Co.*, 300 F.3d 701, 704 (6th Cir. 2002). Thus, this Court will apply Michigan's substantive laws, including Michigan's choice of law rules. *Id.* The parties have not briefed the issue of whether Michigan's choice of law rules would result in another state's substantive contract law applying. However, the alleged contract appears to have been negotiated primarily in Michigan and involved construction services to be performed in Michigan. The parties rely on Michigan law in their briefing and there appears to be no reason to apply another state's law. *See id.* at 704–05. Michigan contract law governs this dispute.

1.

MAMG first argues that Star has not adequately alleged that a contract exists between MAMG and Star. Although Star's Amended Complaint alleges that the agreements between Star and MAMG were both verbal and written, MAMG primarily argues that Star's failure to produce a written document evidencing a contract between the two parties necessitates dismissal.

To establish breach of contract, a plaintiff must prove "the elements of a contract and the breach of it." *RSM Richter, Inc. v. Behr Am., Inc.*, 781 F. Supp. 2d 511, 517 (E.D. Mich. 2011).

---

[3] MAMG additionally argues that it cannot be held liable under an ownership theory because Gratiot, not MAMG, owns the property in question. MAMG also asserts that Star cannot advance a "piercing the veil" theory of liability because MAMG is not a "member in the chain of membership/ownership of Gratiot Center." Mot. Dismiss at 16. ECF No. 23. In response, Star explains that it is not relying on an ownership or veil piercing theory. This opinion and order will address only the contested issues between the parties.

"In Michigan, the essential elements of a valid contract are (1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Thomas v. Leja*, 187 Mich. App. 418, 422 (1991). Absent satisfaction of those elements, mere discussions or negotiations are insufficient to create a contract. *Id.* Michigan law provides that contracts can be written or oral. *See Power Press Sales Co. v. MSI Battle Creek Stamping*, 238 Mich. App. 173, 176 (1999); *McMath v. Ford Motor Co.*, 77 Mich. App. 721, 724, (1977) ("A contract, written or oral, may be orally modified.").[4]

Star has alleged that Star and MMAG entered into agreements to perform work and that the agreements may have been verbal or in writing. MMAG argues that contracts are generally not binding on nonsignatories and that contracts entered into by one legal corporate entity should not be imputed to another, citing several cases. *See AFSCME Council 25 v. Wayne Cty.*, 292 Mich. App. 68, 80, 811 N.W.2d 4, 11 (2011) (explaining that contracts cannot bind a nonparty); *Eberspaecher N. Am., Inc. v. Van-Rob, Inc.,* No. 06-15752, 2007 WL 2332470, at *4 (E.D. Mich. Aug. 15, 2007) (recognizing that a third party defendant was not a party to the contracts which plaintiffs had submitted in support of their claim); *Seasword v. Hilti, Inc.*, 449 Mich. 542, 547 (1995) ("It is a well-recognized principle that separate corporate entities will be respected."). MMAG also cites *Midfield Concession Enterprises, Inc. v. Areas USA, Inc.*, for the proposition that a non-controlling and non-signatory entity should not be named as a defendant under a contract. No. 2:14-CV-12174, 2014 WL 4211013, at *3 (E.D. Mich. Aug. 26, 2014).

But none of those cases address the situation currently presented. Star alleges that Star and MMAG entered into a verbal and/or written contract to perform work. At the motion to dismiss stage, well-pleaded allegations must be accepted as true. Star is not alleging that MMAG

---

[4] Although defenses to enforcement of oral contracts, like the statute of frauds, exist, MAMG has not argued that those defenses are applicable here.

should be held liable despite being a nonparty to the underlying contracts. Rather, Star is alleging that MMAG is liable *because* it is a party to the contracts. MMAG makes much of the fact that it was not a party to the "proposal" which Star attached as Exhibit A to the original Complaint. But Star is not now alleging that the "proposal" forms the basis for the contract between Star and MMAG. Further, Star is not required to attach any existing contracts to the Complaint and need not produce evidence of such contracts at the motion to dismiss stage. *Weiner*, 108 F.3d at 89 (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327, at 762 (2d ed. 1990)). More importantly, Star is alleging that verbal agreements between the parties existed. Regardless of whether those verbal agreements turn out to be enforceable, the absence of a written record of the agreements cannot form the basis for granting a motion to dismiss.

Thus, MMAG's arguments confuse the immediate question before the Court. Star alleges that MMAG is a party to a contract with Star. The Court must accordingly determine whether those allegations are well-pleaded. As already discussed, legal conclusions and bare factual allegations need not be accepted as true. *Twombly*, 550 U.S. at 555.

Star's Amended Complaint adequately alleges a breach of contract. Star has adequately alleged that each element of contract formation, listed above, is present. The Amended Complaint identifies the parties who allegedly contracted, the subject matter of the work to be performed, and the total amount due under the contract. The only element that MMAG appears to argue is missing is mutuality of agreement. MMAG argues that Mr. Peterson was not acting as an agent of MMAG and asserts that "it is not reasonable to accept at this stage that J. Brett Peterson . . . was at any time acting on behalf of MMAG." But at the motion to dismiss stage, the court does not inquire into the "reasonableness" of otherwise well-pleaded allegations. Star alleges that Mr. Peterson, acting as an agent of MMAG, corresponded with Star regarding the

alleged contracts. In further support, Star attaches a recap of final billing. Recap, ECF No. 14, Ex. A. That document is addressed to Mr. Peterson in his capacity as Senior Director of Commercial Real Estate for Mountain Asset Management. *Id.* These allegations and the exhibit do not, of course, prove that Mr. Peterson was acting as MMAG's agent and actually bound MMAG to any contract. Perhaps discovery will reveal that Mr. Peterson's actions and communications were only undertaken on behalf of Gratiot. But the allegations, in combination with the exhibit, go far beyond mere legal conclusions and labels in alleging that Mr. Peterson, acting on behalf of MMAG, agreed to the contract.

MMAG does not appear to argue that Star has not adequately alleged that breach of the contract occurred. Even if MMAG did contest that point, the affidavit attached to Star's Amended Complaint which indicates that Star is still owed money is sufficient to allege that a breach has occurred. Because Star has adequately alleged that a contract between Star and MMAG exists and that MMAG has breached that contract, Star has stated a claim for breach of contract.

**2.**

Second, MMAG argues that Star has not adequately alleged an account stated claim. "An account stated 'is a contract based on assent to an agreed balance, and it is an evidentiary admission by the parties of the facts asserted in the computation and of the promise by the debtor to pay the amount due.'" *Fisher Sand & Gravel Co. v. Neal A. Sweebe, Inc.*, 837 N.W.2d 244, 252 (Mich. 2013) (quoting 13 Corbin, *Contracts* (rev. ed.), § 72.4(2), p. 478). Both parties must manifest consent to the correctness of statement of the account between them. *Id.* The manifestation of consent can be express or implied (inferred from a party' inaction). *Id.* at 557–

58. Further, "an action on an account stated is . . . an independent cause of action, separate and distinct from the underlying transactions giving rise to the antecedent debt." *Id.* at 559.

MMAG argues that an account stated claim cannot be brought where a written contract exists. In support, MMAG cites several cases. *See Thomasma v. Carpenter*, 175 Mich. 428, 435, 141 N.W. 559, 561 (1913) ("[T]he rule of law that, where an account is rendered and no objection taken, it is prima facie evidence of the correctness of such account, has no application where the claim is the subject of a special contract."); *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, P.C. v. Bakshi*, 483 Mich. 345, 357 (2009) ("[T]he existence of a contract rules out the existence of a mutual and open account."); *Fisher*, 837 N.W.2d at 258–59. However, MMAG's argument confuses "account stated" claims with "open account" claims. Although Star brought an "open account" claim in the original Complaint, the Amended Complaint contains only an "account stated" claim. Thus, the sections of *Seyburn* and *Fisher* that MMAG cites are discussing a different cause of action. *Thomasma* does offer some support for the argument that an express contract precludes an account stated claim, but the Michigan Supreme Court's reasoning one-hundred years later in *Fisher* is contradictory. In *Fisher*, the Michigan Supreme Court explained that an account stated claim is "an independent cause of action, separate and distinct from the underlying transactions giving rise to the antecedent debt." 837 N.W.2d at 254. Thus, the existence of an underlying contract does not seem incompatible with an account stated claim.[5] Star's Amended Complaint appears to allege that the parties entered into a contract for

---

[5] Even if allegations of an express contract and an "account stated" claim were irreconcilable, Star is entitled to plead in the alternative. *See* Fed. R. Civ. P. 8(a)(3). MMAG attempts to argue that Star cannot plead, alternatively, both a breach of contract claim and an "account stated" claim. In support, MMAG cites *Sivak v. United Parcel Serv. Co.*, 28 F. Supp. 3d 701, 713–14 (E.D. Mich. 2014), where the district court dismissed an unjust enrichment claim because the complaint relied solely on the existence of a contract. The *Sivak* Court relied on the fact that unjust enrichment claims are incompatible with breach of contract claims in dismissing the unjust enrichment claim as inadequately plead. But, as already explained, account stated claims are not necessarily similarly incompatible. Even if they were, *Solo v. United Parcel Serv. Co.* supports approval of alternative pleading in this context. 819 F.3d 788, 796 (6th Cir. 2016). In *Solo* (a companion case to *Sivak*), the Sixth Circuit approved alternative pleading of breach

the work and then, later, the parties agreed on a statement of the amount owed. Even if there was an express contract for the underlying job, Star has not alleged that there was an express contract for the latter settlement of the claim.

MMAG also cites *Kaunitz v. Wheeler*, 344 Mich. 181, 185 (1955), in support of its argument that Star has not shown enough to state a claim for an account stated. But in *Kaunitz*, the court was reviewing an order on a motion for summary judgment. Here, Star need merely allege facts giving rise to a claim for relief, not prove them. Star has alleged sufficient facts to state a claim for an account stated. In the Amended Complaint, Star alleges that it sent MAMG a "reconciliation of the amount owed" after completion. Am. Compl. at ¶30. Star further alleges that MAMG never objected to that amount. *Id.* at ¶32. The recap of final billing which Star attached to the Amended Complaint further supports those allegations. As already mentioned, it is addressed to Mr. Peterson in his capacity as an agent of MAMG and lists the final amount owed. Perhaps MAMG did not expressly or implicitly consent to that amount, but Star has alleged that it did. At the motion to dismiss stage, that is sufficient.

Thus, all of MAMG's arguments that Star's Amended Complaint does not state a claim for relief are unavailing. Star has adequately alleged that an oral or written contract with MAMG existed. Star has also alleged, perhaps in the alternative, that MAMG assented to the amount owed. Although Star is also bringing promissory estoppel and fraud/misrepresentation claims, MAMG has not argued that Star has failed to state a claim regarding those theories. Star's Amended Complaint will not be dismissed.

### C.

---

of contract and unjust enrichment claims reasoning that "it would be improper to prematurely conclude" that the defendant would not dispute the existence of a contract. Here, MMAG is already disputing the existence of a contract. Thus, Star's alternative pleading is permissible.

Finally, MAMG requests that the Court sanction Star under Federal Rule of Civil Procedure 41(d). According to that Rule, "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant," the court may order the plaintiff to pay the costs of the previous action. *Id.* MAMG asserts that Star's claims against MAMG are within the scope of the original Complaint, which named MREC as a Defendant. MAMG argues that MAMG and MREC were alleged to be the same entity in the original Complaint, meaning that the Amended Complaint's claims against MAMG are "the same claim, against the same defendant." Mot. Dismiss at 22.

A cursory review of the docket shows that MAMG cannot reasonably believe that sanctions are justified against Star. The original Complaint was filed on June 27, 2016. The Amended Complaint was filed on September 16, 2016. In the Amended Complaint, Star summarized the ownership/membership structure of MAMG, which MAMG does not argue was incorrect. On September 20, 2016, several days *after* the Amended Complaint was filed, the Court docketed a stipulated order which dismissed MREC. Clearly, Star realized that it had named the wrong defendant after filing the original Complaint. Star subsequently filed an Amended Complaint which named MAMG instead of one of MAMG's subsidiaries. Afterwards, the parties agreed to dismiss the subsidiary. In its motion to dismiss, MAMG repeatedly argues that the "corporate form" must be respected. Now, MAMG argues that MAMG and MREC are "the same defendant" even though each are separate legal entities. Star initially named the wrong Defendant, realized its error, and then filed an Amended Complaint which named the proper Defendant. That is not sanctionable behavior.

If anything, MAMG's own actions raise questions about good faith compliance with Federal Rule of Civil Procedure 11(b). In MAMG's motion to dismiss, the company blurs the

lines between "open account" and "account stated" claims. MAMG's briefing does not distinguish these two distinct types of claims and in fact uses cases dealing with "open account" claims to support legal arguments about "account stated" claims. As already stated, Star is not bringing an "open account" claim. At best, MAMG's briefing misrepresents the state of Michigan law by failing to clearly identify these two legal theories as distinct claims for relief. More importantly, in MAMG's reply brief, the company cites *Sivak v. United Parcel Serv. Co.*, 28 F. Supp. 3d 701, 713 (E.D. Mich. 2014) for the proposition that Star should not be allowed to alternatively plead breach of contract and account stated claims. MAMG fails to mention, however, that a companion case to *Sivak* was appealed to the Sixth Circuit. In *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 796 (6th Cir. 2016), the Sixth Circuit held that alternative pleading of an unjust enrichment claim was permissible even where a breach of contract claim was brought, because the defendant might dispute the existence of the contract later in the litigation. Because MAMG is currently disputing the existence of a contract, *Solo* is exactly on point. But MAMG never cites to or mentions *Solo*, despite the fact that *Sivak* is clearly "red-flagged" as precedent that has been abrogated and Westlaw directly links to the *Solo* opinion from the *Sivak* opinion.

Neither party will be sanctioned with the expectation that further briefing will be an exemplar of careful, accurate legal argument that neither distorts nor obscures the state of the law.

**IV.**

Accordingly, it is **ORDERED** that Defendant Mountain Asset Management Group's Motion to Dismiss, ECF No. 23, is **DENIED.**

Dated: December 14, 2016                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 14, 2016.

s/Kelly Winslow for
MICHAEL A. SIAN, Case Manager