UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STAR CONSTRUCTION & RESTORATION, LLC,

    Plaintiff,        Case No. 16-cv-12413

v.               Honorable Thomas L. Ludington

GRATIOT CENTER LLC, and MOUNTAIN
ASSET MANAGEMENT GROUP, LLC,

    Defendants.
_____/

GRATIOT CENTER, LLC,

    Plaintiff,        Case No. 16-14144

v.               Honorable Thomas L. Ludington

LEXINGTON INSURANCE COMPANY,
CHUBB INSURANCE a/k/a FEDERAL
INSURANCE COMPANY, LIBERTY MUTUAL
FIRE INSURANCE COMPANY, QBE
INSURANCE, and ACE AMERICAN
INSURANCE,

    Defendants.
_____/

**ORDER DENYING MOTION TO CONSOLIDATE**

After a heavy snowfall, the roof of a Saginaw, Michigan, shopping center owned by Gratiot Center partially collapsed. Gratiot Center then allegedly contracted with Star Construction and Restoration, LLC, to perform repairs. On June 27, 2016, Star Construction filed a Complaint against Gratiot Center and a party later identified as Mountain Asset Management Group, LLC, which allegedly entered into the contracts with Star Construction. Compl, ECF No. 1, Case No. 1: 16-cv-12413. Star Construction alleges that it sent invoices for the completed repair work totaling $5,579,490.40 to the Defendants and was paid all but $636,139.27. Am.

Compl. at 5, ECF No. 14. In its answer to Star Construction's original complaint, Gratiot asserted that any failure to pay "any remaining amount" was "because Star had proposed to limit any amounts to be paid to Star for potential construction services to "the amount determined paid out by the insurance carrier." Answer Compl. at 8, ECF No. 20. On October 13, 2016, Mountain Asset Management Group filed a motion to dismiss the claims against it. ECF No. 23. That motion was denied. ECF No. 27. The Court issued a scheduling order on January 23, 2017, which sets the discovery cutoff for July 24, 2017. ECF No. 32.

On November 23, 2016, Gratiot Center filed a Complaint against Lexington Insurance Company, Chubb Insurance, Liberty Mutual Fire Insurance Company, QBE Insurance, and Ace American Insurance. Compl.. ECF No. 1, Case No. 1:16-cv-14144. In the suit, Gratiot Center is asserting a breach of contract claim against Defendants for refusing to pay $636,139.27 in losses arising out of the roof collapse. Am. Compl. at 5, ECF No. 21. Gratiot Center explains that it "has suffered damages in the amount of $636.139.27, which is the amount claimed by Star Construction [in the related case]." *Id.* at 6. Gratiot Center also asserts $70,038.52 in expenses related to Defendants' denial of coverage and $75,975.45 in legal fees across the two actions. *Id.* at 7. Defendants filed their answer to the amended complaint on February 22, 2017.

On February 1, 2017, Gratiot Center filed a motion in Case No. 1: 16-cv-12413, the action brought by Star Construction, to consolidate the case with Gratiot Center's action against its insurers. ECF No. 32. On February 3, 2017, Gratiot Center filed an identical motion in Case No. 1:16-cv-14144. ECF No. 20. Star Construction, the Plaintiff in 1: 16-cv-12413, and the insurance Defendants in 1:16-cv-14144 all oppose the motions. For the reasons stated below, the motions will be denied.

**I.**

Case consolidation is governed by Federal Rule of Civil Procedure 42(a). That rule provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *Id.* When considering whether to consolidate cases, district courts must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (quoting *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir.1985). If the conservation of judicial resources would be minimal, then "the risk of prejudice to a party must be viewed with even greater scrutiny." *Id.* Importantly, "consolidation is not justified or required simply because the actions *include* a common question of fact or law." *Banacki v. OneWest Bank*, FSB, 276 F.R.D. 567, 572 (E.D. Mich. 2011) (emphasis in original).

**II.**

For a variety of reasons, consolidation of the two cases is not justified. To begin with, few of the common issues of fact across the two cases are contested. All parties agree that the shopping center owned by Gratiot Center suffered a partial roof collapse, that Star Construction performed repair work, that some, but not all, of Star Construction's invoices were paid, and that the insurance Defendants reimbursed Gratiot Center for some, but not all, of its damages incurred as a result of the collapse. The condition of the building after the collapse and the nature and cost of repair work performed on the building are potentially relevant to both cases. Otherwise, the factual issues in the two cases have minimal overlap.

Gratiot Center attempts to connect the two actions by asserting that "Star Construction was only to do repair work which was covered under the policy, either as a direct loss or under the provisions allowing for improvements up to newer code." *Id.* at 6. Additionally, Gratiot Center asserts that Star Construction communicated directly with the insurance Defendants to "determine the extent of repairs which would be covered by the insurance policy." *Id.*

This alleged connection between the cases is insufficient to justify consolidation. Star Construction asserts that it entered into contracts with Gratiot Center and MAMG to perform the repair work. In its amended complaint, Star Construction asserts that "Star performed the work . . . and sent invoices and payment applications to Mountain from time to time, after which Star received payment for some, but not all, such invoices and pay applications. . . . Throughout the course of the Project, Mountain provided assurances that Star would be paid for all amounts necessary to complete the repairs on the Project." Am. Compl. at 4. Star Construction is asserting unjust enrichment, promissory estoppel, and fraud/misrepresentation claims against Gratiot Center. The amended complaint clearly alleges that Star Construction disclosed the work being performed on the property at all times. Thus, even if Gratiot Center's representation is true and Star Construction was only contracted with to perform work covered under the insurance policy, Star Construction's claims could still proceed. Star Construction is alleging that, through their actions and representations while the work was being performed, Gratiot Center and MAMG agreed to compensate Star Construction for the work regardless of whether it was covered by insurance. Gratiot Center may have erroneously believed that all the work would be covered by the insurance policy, but Star Construction's claim for compensation for work performed is not dependent on a conclusion that the insurance policy actually did cover all the work performed.

Certainly, Gratiot Center may assert that the agreement with Star Construction was only for work covered by the insurance policy and that, absent a finding that the insurance policy covered the unpaid claims, Star Construction performed work outside the scope of the contract and thus is not entitled to relief. This potential connection between the two suits: one potential defense among many that Gratiot Center could assert, is too tenuous to justify consolidation. *See Papa Chef, Inc. v. Penn-Star Ins. Co.*, No. 11-11007, 2011 WL 4634232, at *2 (E.D. Mich. Oct. 5, 2011) (declining to consolidate cases because "resolution of these cases will involve adjudication of individual issues unique to the respective cases").

Other than that potential defense, the legal issues which predominate in the two actions do not overlap. Gratiot Center's breach of contract claim against the insurers will proceed regardless of whether Gratiot Center is found liable to Star Construction. As already explained, Star Construction's legal theories for recovery do not rely upon a finding that the insurance policy covered the repairs. Thus, there is minimal risk of inconsistent adjudications of common factual and legal issues. If Star Construction prevails, Gratiot Center will have to pay regardless of whether it prevails in its suit against the insurance Defendants. If Star Construction does not prevail, Gratiot Center will still be free to assert that the damage sustained by the partial roof collapse was a covered expense under the insurance policy. For substantially the same reasons, discovery regarding the scope of Star Construction's agreements with Gratiot Center and MAMG will be substantially different from discovery involving the scope of the insurance policy. Finally, Star Construction has requested a jury trial, but the trial in Gratiot Center's action against the insurance Defendants will be a bench trial. Accordingly, consolidation would likely result in increased delay and decreased efficiency, rather than preserving limited judicial resources.

In short, Gratiot Center has identified several potential common factual and legal issues among the two cases. But when considered in context of the causes of action advanced in the two cases, there is minimal overlap. Regardless, Rule 42(a) gives the Court discretion to determine whether consolidation would promote justice and judicial efficiency. Given the tenuous connection between the legal theories in the two cases and the fact that a jury trial has been requested in only one, consolidation is not warranted.

Accordingly, it is **ORDERED** that Gratiot Center's motions to consolidate, ECF No. 32, Case No. 1:16-cv-12413; ECF No. 20, Case No. 1:16-cv-14144, are **DENIED.**

Dated: March 16, 2017                                s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 16, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager